**ZHIXIN XIA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–73024.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 20, 2009.*

Filed Jan. 28, 2009.

Zhixin Xia, Temple City, CA, pro se.

OIL, Rosanne Perry, Trial, Achiezer Guggenheim, Trial, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, SILVERMAN and BYBEE, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioner's motion to reopen removal proceedings and motion to reconsider.

We review the BIA's ruling on a motion to reopen and a motion to reconsider for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

The statute and regulations provide, with certain exceptions that do not apply to this case, that the motion to reopen must be filed within 90 days after the date of entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Because petitioner's motion to reopen was filed beyond the 90–day deadline, and petitioner has not established that any recognized exceptions to the time limit applies, the BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely. *See id.*

The statute and regulations provide that a motion to reconsider must be filed within 30 days after the mailing of the BIA's decision. *See* 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). We conclude that the BIA did not abuse its discretion in denying the motion to reconsider because petitioner's motion to reconsider was untimely. *See* 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2).

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United*

** This disposition is not appropriate for publication and is not precedent except as provid-

*States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

## PETITION FOR REVIEW DENIED.